IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE DANTE SMITH, | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-167-MTT-AGH |
| Sheriff DAVID DAVIS, *et al.*, | : |
| Defendants. | : |

# ORDER

*Pro se* Plaintiff Willie Dante Smith, a pre-trial detainee at the Bibb County Jail in Macon, Georgia, filed a civil rights complaint brought under 42 U.S.C. § 1983. Compl., ECF No. 1. However, Plaintiff's complaint would not survive preliminary review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Plaintiff will thus be given an opportunity to amend his complaint as explained in detail below.

## PRELIMINARY REVIEW

District courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Under the PLRA, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *Id.* § 1915A(b). To state a claim under § 1983, a plaintiff must allege the defendants deprived him of a right under the U.S. Constitution or federal

law and that the deprivation was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not include detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertion[s]" devoid of "further factual enhancement" cannot suffice to meet the Rule 8 pleading standard. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (second alteration in original) (citing *Twombly*, 550 U.S. at 557).

Here, Plaintiff names the Bibb County Sheriff's Office and Sheriff David Davis as his Defendants. Compl. 2, ECF No. 1. He states that his claim is about "[i]nhumane living conditions, poor medical treatment, sleeping on concrete floor with only a blanket[.]" *Id.* at 4. When asked to describe "how each defendant was personally involved in the alleged wrongful action," Plaintiff vaguely and conclusively asserts "well for the record sleeping on the floor and said officers did not care at all about human race as well as other inmates it is so wrong for the way these officers treat you." *Id.* at 5-6.

2

Plaintiff's complaint in its present form is subject to dismissal under 28 U.S.C. § 1915A(a) for failure to state a claim for which relief may be granted. First, Plaintiff's complaint is impermissibly vague and completely void of sufficient factual detail to state a claim for relief. *Iqbal*, 556 U.S. at 678 (finding that Rule 8 requires a plaintiff to provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."). Second, the Bibb County Sheriff's Office is not a Defendant capable of being sued in a § 1983 claim. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that the Michigan Department of State Police is not a "person" under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Additionally, it is unclear why Plaintiff has named Sheriff David Davis as a Defendant because there are no allegations whatsoever within the body of the complaint which implicate him in any unconstitutional act. *See generally* Compl. A district court may dismiss a complaint if the plaintiff fails to state any factual allegations that connect a defendant with an alleged constitutional violation. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged

3

constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely on Defendant Sheriff Davis's supervisory role, then his complaint still fails to state a claim. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g.*, *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) ("It is well established that § 1983 claims may not be brought against supervising officials on the basis of vicarious liability or respondeat superior."). Instead, to establish liability against a supervisor, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *Keating*, 598 F.3d at 762; *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). But Plaintiff fails to allege any facts that would plausibly support an inference that Defendant Sheriff Davis had any direct or indirect involvement in any violation of Plaintiff's constitutional rights. Plaintiff's claims as to Defendant Davis are therefore subject to dismissal. *See, e.g., Asad v. Crosby*, 158 F. App'x 166, 171-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

Finally, Plaintiff appears to complain about having to sleep on the floor at the Bibb County Jail for an unspecified amount of time. Compl. 4-6. However, "the Constitution does not mandate comfortable prisons" or jails, nor does it mandate that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To establish a cause of action based on conditions of confinement, a plaintiff must prove both an objective and subjective component: "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant,* 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

The objective standard is only met when challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk[,]" *Helling v. McKinney*, 509 U.S. 25, 36 (1993). In order to satisfy the subjective component, the plaintiff must show that the defendants acted with deliberate indifference, composed of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West,* 320 F.3d 1235, 1245 (11th Cir. 2003).

Here, Plaintiff's scant allegations fail to meet either element of a conditions of confinement claim. Indeed, the Eleventh Circuit has repeatedly held that requiring an inmate to temporarily sleep on the floor is not objectively serious enough to rise to the level of a constitutional violation. *See, e.g.*, *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1346 (11th Cir. 2016) (having to temporarily "sleep on a mattress on the floor near the toilet" does not demonstrate unconstitutional conditions of confinement); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (requiring detainee, for a ten month period, to sleep on mattress on floor or on an eating table due to jail overcrowding did not amount to constitutional violation); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (requiring inmate to sleep in cell on bare "steel bed" with no mattress for eighteen days did not violate Eighth Amendment); *Fischer v. Ellegood*, 238 F. App'x 428, 433 (11th Cir. 2007) (holding that inmate failed to state a constitutional claim where he had to sleep on the floor for five days, among other things).

## OPPORTUNITY TO AMEND

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to amend his complaint so that it does state a claim for which relief may be granted. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). Plaintiff is required to submit a recast complaint if he wishes to proceed with his claims. The recast complaint must

6

contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)? For how long did the deprivation occur?

(4) How were you injured because of this Defendant's actions or inactions?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted). Thus, Plaintiff's recast complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff stated a viable claim.

7

Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form including but not limited to his efforts to fully exhaust his administrative remedies prior to filing this civil action. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

An initial review of Plaintiff's complaint as it is currently drafted reveals that it is subject to dismissal for failure to state a claim for which relief may be granted. If Plaintiff wishes to proceed with this action, he is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form recasting his complaint as instructed. Plaintiff shall have **FOURTEEN (14) DAYS** from the date below to comply with this Order. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be **NO SERVICE** of process upon any Defendant in this case until further order

of the Court.    The Clerk of Court is **DIRECTED** to forward to Plaintiff a copy of this Order and a 42 U.S.C. § 1983 complaint form (with the civil action number shown on all).

**SO ORDERED and DIRECTED**, this 4th day of November, 2024.

                                            s/ *Amelia G. Helmick*
                                       UNITED STATES MAGISTRATE JUDGE