IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE DANTE SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-167-MTT-AGH |
| | : | |
| Sheriff DAVID DAVIS, *et al.*,[1] | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Willie Dante Smith paid an initial partial filing fee and filed a recast complaint (ECF No. 12). Because Plaintiff was previously granted leave to proceed *in forma pauperis*, his additional motion to proceed *in forma pauperis* (ECF No. 13) is **DENIED** as moot. As explained below, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted.

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint. Order 7, Nov. 4, 2024, ECF No. 11. Thus, Plaintiff's recast complaint (ECF No. 12) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (noting that, generally, an amended complaint supersedes the original complaint). Plaintiff's recast complaint adds Bibb County, Major Patterson, Lt. Durham, Lt. Jones, Smith, Sgt. Owens, Rhodes, Lawrence, Deputy Taylor, Jenkins, Tyler, Perkins, Haynes, and Robinson as Defendants. Recast Compl. 1, 4, ECF No. 12. Therefore, the Clerk of Court is **DIRECTED** to add them as Defendants to this civil action.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney; a pro se pleading is liberally construed." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at

2

555. In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Plaintiff's Allegations

According to the recast complaint, Plaintiff's claims arise from his prior incarceration as a pre-trial detainee at the Bibb County Jail, in Macon, Georgia. *See generally* Recast Compl. Plaintiff states that on January 4, 2024, he was assigned to a dorm with forty other inmates where he had to sleep on the floor with only a blanket for seven months. *Id.* at 5. He complains that he was exposed to mold, lice, bedbugs, rodents, roaches, and spiders. *Id.* at 5-6. He contends that he never saw an exterminator spray for bugs. *Id.* at 6. He also alleges that he did not receive prompt medical attention for a hip injury, hernia, and rashes. *Id.* at 5. Plaintiff avers that there is exposed wiring in the jail and that several officers have witnessed stabbings. *Id.* at 5-6. Plaintiff seeks damages and injunctive relief. *Id.* at 7.

### III. Plaintiff fails to state a claim.

Plaintiff names several Defendants as parties to this action; however, he makes no factual allegation that specifically links any of these Defendants to any of his claims. *See* Recast Compl. 5-6. Instead, he alleges that "this jail" or "this institution" violated his rights and should "make corrections." *Id*. at 6-7. The Court previously advised Plaintiff in the Order to recast (ECF No. 11) that he must connect his factual allegations to a specific defendant; without that connection, the defendant and claims are subject to dismissal. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of defendants that plaintiff failed to connect to any alleged constitutional violation); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's factual allegations must connect the defendants with the alleged constitutional violation."). Because, here, Plaintiff fails to link any Defendant to any constitutional violation, his complaint should be dismissed.

Furthermore, to any extent Plaintiff seeks to hold any Defendant liable based solely upon any supervisory roles, he fails to state a claim for relief. "It is well established in [the Eleventh Circuit] that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted). Instead, "[s]upervisory liability [under § 1983]

occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id.* (second alteration in original). As previously stated, Plaintiff fails to allege that any Defendant, supervisory or not, had any direct or indirect involvement in events about which Plaintiff complains. Thus, any claim against any Defendant in their supervisory capacities should be dismissed. *See Cottone v. Jenne*, 326 F.3d 1352, 1360-62 (11th Cir. 2003) (finding no supervisory liability because complaint did not allege personal participation and there was no causal connection because plaintiff did not allege any facts connecting supervisor defendants to any alleged constitutional violations), *abrogated on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Because Plaintiff fails to state a claim, his complaint should be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff's third motion to proceed *in forma pauperis* (ECF No. 13) is **DENIED** as moot. It is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) and 28 U.S.C. § 1915(e) for failing to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20)**

5

**PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED** this 4th day of March, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE